# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00315-MR
# [Criminal Case No. 1:09-cr-00013-MR-DLH-8]

| | |
|---|---|
| KENNETH LEE FOSTER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and the Government's Motion to Dismiss [Doc. 13].

## BACKGROUND

On February 17, 2009, Petitioner Kenneth Lee Foster ("Petitioner") was charged, along with numerous co-defendants and co-conspirators, with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841, and using a communication facility to further a drug offense, in violation of 21 U.S.C. § 843. [Criminal Case No. 1:09-cr-00013-MR-DLH-8, Doc. 12: Sealed Indictment]. Petitioner proceeded to trial and was found guilty on both counts. [See id., Doc. 347:

Judgment]. This Court sentenced Petitioner to 360 months of imprisonment on the conspiracy count and to 96 months of imprisonment on the communications count, with those sentences to run concurrently. [Id.].

Petitioner appealed his conviction and sentence, arguing that (1) this Court erred in denying his motion to sever and motion to suppress; (2) there was insufficient evidence to sustain the conspiracy conviction; and (3) that this Court erred at sentencing. United States v. Foster, 416 F. App'x 304, 306 (4th Cir. 2011). In an unpublished opinion, the Fourth Circuit Court of Appeals recounted that the evidence regarding the conspiracy was gathered "initially by investigators using traditional investigative techniques, including controlled purchases of crack cocaine, use of confidential sources, physical surveillance, and traffic stops after suspected drug purchases." Id. The Court continued that, after investigators "discover[ed] that the conspiracy was likely widespread and involved large amounts of crack cocaine, investigators later sought and obtained a wiretap order . . . in order to intercept communications from telephone numbers believed to be utilized by Foster." Id. at 306. The Court then described the evidence against Petitioner as being "significant," noting that the jury heard that Petitioner "received large quantities of cocaine from suppliers, 'cooked' or

converted the powder into crack cocaine and sold it to numerous individuals . . . and engaged in multiple daily crack cocaine transactions over the course of many months." Id. at 307. A search warrant executed at Petitioner's home resulted in the seizure of more than 150 grams of crack, more than 500 grams of powder cocaine, more than $5,000 in cash, and drug paraphernalia used to cook powder cocaine into crack. Id. Intercepted wire communications also revealed that Petitioner "repeatedly conversed [with a co-conspirator] about the large-scale distribution of controlled substances." Id.

As to the suppression issue, the Court considered the Petitioner's arguments challenging the denial of his motion to suppress. Id. at 308. The court first rejected Petitioner's argument that the evidence supporting probable cause was "stale." Id. As to the wiretap issue, the Court rejected Petitioner's claim that the wiretap application was not supported by a full and complete statement of the facts, finding instead that "there [was] nothing in the record and [Petitioner] cite[s] to nothing . . . to support [his] assertion that trial counsel did not have a copy of the affidavit or could not have obtained it, had it been requested." Id. at 309. Further, the Court noted that "it [was] undisputed that the district court had [Special Agent] Guzzo's affidavit when it issued the wiretap warrant." Id. Thus, the Court

3

found that "the 'full and complete' information required by § 2518(1) was supplied to the court." Id. The Court also rejected Petitioner's assertion that the application did not contain the requisite showing of necessity. Id.

Regarding Petitioner' sentence, the Court held that this Court's application of the "leader/organizer" enhancement was not clearly erroneous and that this Court did not procedurally err in imposing Petitioner's 360-month sentence. Id. at 311-12.

Petitioner placed the present § 2255 petition in the prison mail system on or around September 27, 2012, and the petition was stamp-filed on October 2, 2012. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 3, 2011, see Foster v. United States, 132 S. Ct. 218 (2011); thus, the present petition is timely.

In his sole ground for relief, Petitioner alleges that his trial counsel rendered ineffective assistance by failing to file a timely and meritorious motion to suppress evidence obtained from the wiretap. [Doc. 1 at 1].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set

forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden

5

of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

As noted, in his sole ground for relief, Petitioner contends that his trial counsel rendered ineffective assistance by failing to file a timely and meritorious motion to suppress evidence obtained from the wiretap. To establish deficient performance and prejudice in the context of a failure to file a motion to suppress, a petitioner must demonstrate that such a motion would have been successful. See, e.g., United States v. Madewell, 917 F.2d 301, 304 (7th Cir. 1990) (holding that there was no ineffective assistance of counsel because any motion to suppress was unlikely to prevail). Here, Petitioner does not allege any specific ground on which suppression would have been successful, nor does Petitioner cite any case law that would support the grant of a motion to suppress in his case.

Petitioner further claims that counsel should have raised an issue as to 18 U.S.C. § 2518(9), which requires notice to defendants that the Government intends to use wiretap evidence at trial. This contention is without merit, however, as the Government provided such notice on March

3, 2009, by filing the document with this Court. [See Criminal Case No. 1:09-cr-00013-MR-DLH-8, Doc. 112: Notice of Intent to Use Wiretap Evidence in Proceedings].

Finally, the Fourth Circuit already examined three suppression issues in this case — one relating to the validity of the search warrant and two relating to the wiretaps — and found that these issues were not meritorious. Petitioner may wish that his counsel had proceeded differently, but the fact that "trial counsel may not have acted in exceptionally zealous fashion, neither did he act unreasonably and outside the bounds of the sixth amendment in failing to move for the suppression of [evidence]." Madewell, 917 F.2d at 305. After all, "[t]he law does not require counsel to raise every available nonfrivolous defense." Knowles v. Mirzayance, 556 U.S. 111, 127 (2009). Because Petitioner has failed to show that he would have succeeded on a motion to suppress, and in light of the Fourth Circuit's rejection of three suppression issues in this case, Petitioner's ineffective assistance of counsel claim is denied.

## CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief, and the Court will therefore dismiss the motion to vacate.

7

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss [Doc. 13] is **GRANTED**, and the Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: October 28, 2013

Martin Reidinger
United States District Judge