# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00315-MR
# CRIMINAL CASE NO. 1:09-cr-00013-MR-DLH-8

KENNETH LEE FOSTER,   )
                      )
      Petitioner,   )
                      )
vs.                   )     **O R D E R**
                      )
                      )
UNITED STATES OF AMERICA,   )
                      )
      Respondent.   )
_____  )

**THIS MATTER** is before the Court on the Petitioner's "Motion for Relief from Order/Judgment" [Civil Case No. 1:12-cv-00315-MR ("CV"), Doc. 28; Criminal Case No. 1:09-cr-00013-MR-DLH-8 ("CR"), Doc. 858] and the Petitioner's "Motion to Take Judicial Notice" [CV Doc. 31].

The Petitioner moves pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure for reconsideration of the Order denying his motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 28; CR Doc. 858]. For grounds, the Petitioner asserts that the Court made an error in law in the analysis of one of his claims.

In his § 2255 motion, the Petitioner asserted a claim that his counsel was ineffective by failing to argue that the Government failed to comply with the wiretap disclosure requirements set forth in 18 U.S.C. § 2518(9). The Court found this claim to be without merit, reasoning as follows:

> Petitioner further claims that counsel should have raised an issue as to 18 U.S.C. § 2518(9), which requires notice to defendants that the Government intends to use wiretap evidence at trial. This contention is without merit, however, as the Government provided such notice on March 3, 2009, by filing the document with this Court. [See Criminal Case No. 1:09-cr-00013-MR-DLH-8, Doc. 112: Notice of Intent to Use Wiretap Evidence in Proceedings].

[CV Doc. 17 at 6-7]. The Petitioner contends that the Court erroneously dismissed this claim on the grounds that the Government had provided *notice* of its intent to use wiretap evidence at trial, but failed to address his claim that the Government did not provide the *disclosure* required by § 2518(9).

Section 2518(9) provides, in pertinent part, as follows:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court **unless each party,** not less than ten days before the trial, hearing, or proceeding, **has been furnished with a copy of the court order, and**

2

> **accompanying application, under which the interception was authorized or approved**.

18 U.S.C. § 2518(9) (emphasis added).

The Petitioner's argument that the Government failed to comply with the disclosure requirements of § 2518(9) is without merit. The Government made all discovery, including all wiretap materials, available to defense counsel within ten days of arraignment pursuant to the United States Attorney's open-file policy. [Doc. 459 at 10: Trial Transcript Vol. I]. The wiretap application was clearly made available to the defense, as Petitioner's counsel argued on appeal, albeit unsuccessfully, that the wiretap applications failed to comply with the requirements of 18 U.S.C. § 2518(1)(c) [<u>See</u> Doc. 589 at 9-10]. Accordingly, the Petitioner's argument that his counsel was ineffective by not arguing that the Government failed to comply with the wiretap disclosure requirements set forth in 18 U.S.C. § 2518(9) is simply without merit, and his motion for relief under Rule 60(b) is denied.

The Petitioner also moves the Court to take judicial notice of a memorandum which authorized the wiretap in the Petitioner's underlying criminal proceeding. The Petitioner states that the memorandum "is not an addendum or a supplement to any pending matter, but rather [is provided] as a courtesy to this Court…." [CV Doc. 31 at 2]. As the memorandum

admittedly does not related to any pending matter, the Petitioner's motion for judicial notice of such memorandum is denied.

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion for Relief from Order/Judgment" [CV Doc. 28; CR Doc. 858] and the Petitioner's "Motion to Take Judicial Notice" [CV Doc. 31] are both **DENIED**.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge