THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00315-MR
[CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-8]

| | | |
|---|---|---|
| KENNETH LEE FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's "Rule 60(d)(1) and (3) Motion to Vacate the October 28, 2013 Order Denying 2255 Relief Concerning Fraud, Misrepresentation or Misconduct of an Opposing Party" [Civil Case No. 1:12-cv-00315-MR ("CV"), CV Doc. 40][1] and the Petitioner's "Motion for Post-Conviction Discovery Pursuant to Rule[ ] 6 of the Rules Governing Post-Conviction Discovery in §§2254/2255 Cases in the United States District Courts" [CV Doc. 41].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:12-cv-00315-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:09-cr-00013-MR-WCM-8.

The Petitioner moves pursuant to Rule 60(d)(1) and (3) of the Federal Rules of Civil Procedure for the Court to vacate its Order denying Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 41].

Rule 60(d)(1) allows the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). This subdivision does not apply here, as the Petitioner has not filed an independent action for relief, but rather has moved to have the Court's 2013 Order vacated. Rule 60(d)(3) gives the Court the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Motions under Rule 60(d) must be made "within a reasonable time" of discovery of the alleged fraud. Apotex Corp. v. Merck & Co., Inc., 507 F.3d 1357, 1361 (Fed. Cir. 2007). Further:

> Fraud upon the court…requires rigorous proof, as do other challenges to final judgment, lest the finality established by Rule 60(b) be overwhelmed by continuing attacks on the judgment…. Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially.

Id. (citations omitted).

As grounds for the instant motion, the Petitioner asserts that the Assistant United States Attorney who represented the United States in the underlying criminal action (the "AUSA") committed a fraud on the court.

2

Namely, the Petitioner contends that the AUSA misrepresented to the Court that certain documents necessary to obtaining a wiretap warrant had been filed with this Court on March 3, 2009,[2] when the documents[3] were not actually filed until March 11, 2010 in the context of Petitioner's appeal from his criminal judgment. [CV Doc. 40 at 4-7]. It is unclear from the record when Petitioner contends this misrepresentation was made or under what circumstance. In any event, the record does not support Petitioner's assertion that the AUSA intentionally misled the Court regarding any documents in support of the warrant. Further, the Fourth Circuit affirmed Petitioner's conviction and sentence after specifically addressing the issue of whether the Court was supplied with "full and complete" information to obtain the wiretap warrant as required by 18 U.S.C. § 2518(1). United States v. Foster, 416 F. App'x 304, 309 (4th Cir. 2011) (unpublished decision).

Here, Petitioner filed his Rule 60(d) motion well more than five years after the entry of the judgment he wants set aside and nearly five years after the Fourth Circuit entered its mandate affirming the Court's judgment. [See

---

[2] The Court notes that the Government filed its Notice of Intent to Use Wiretap Evidence in Court Proceedings on March 3, 2009. [CR Doc. 112]. No representations were made in this filing regarding documents supporting the issuance of the wiretap warrant.

[3] In his motion, Petitioner references an affidavit of Agent Guzzo and a Memorandum of Authorization for Interception Application Order ("Memorandum"), although it is unclear whether Petitioner contends the AUSA deceived the Court about the status of the filing of both documents or only the Memorandum. [See Doc. 40 at 4, 7].

3

CV Docs. 17, 34]. Furthermore, the facts on which Petitioner purports to base his motion have been known or knowable to him since before the Fourth Circuit entered its mandate affirming the Petitioner's conviction and sentence on April 19, 2011. [See CR Doc. 595]. As such, Petitioner did not bring this motion within a reasonable time of learning of any alleged fraud. See Menashe v. Sutton, 90 F.Supp. 531, 533 (S.D.N.Y. 1950) (holding that motion made 28 months after rendition of judgment on ground that the judgment was procured by fraud on the court was untimely). As such, the Court will deny Petitioner's motion as untimely.

Furthermore, even if Petitioner's motion had been timely filed, Petitioner has shown no grounds to support a finding of fraud upon the court. As such, Petitioner's untimely motion for relief under Rule 60(d) is unsupported in any event. Because Petitioner's Rule 60(d) motion is denied, Petitioner's motion for post-conviction discovery will also be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's "Rule 60(d)(1) and (3) Motion to Vacate the October 28, 2013 Order Denying 2255 Relief Concerning Fraud, Misrepresentation or Misconduct of an Opposing Party" [CV Doc. 40] and the Petitioner's "Motion for Post-Conviction Discovery Pursuant to Rule[ ] 6 of the Rules Governing Post-Conviction Discovery in

4

§§2254/2255 Cases in the United States District Courts." [CV Doc. 41] are both **DENIED**.

    **IT IS SO ORDERED**.

Signed: July 11, 2019

Martin Reidinger
United States District Judge